### 5213. HARDIN v. STANTON.

RUSSELL, C. J. 1. As a matter of law, an account is mutual when the evidence as to the items thereof shows that at various times the respective parties were indebted to each other for goods furnished or for money advanced, and does not show that the credits in favor of the defendar', were mere items of payment on his indebtedness to the plaintiff; but the issue as to whether the account in question is mutual or not is one of fact, to be determined by the jury.

2. The fact that the account in question is a mutual account may be shown by such conduct on the part of both parties, or such a course of dealing, as will support the inference that there was an implied mutual understanding that each party would continue to credit the other at least until the indication of a desire by one of them to terminate the course of dealing, and to withdraw his tacit agreement; which might be done by stating the account and striking a balance and presenting it for payment, by demanding payment by suit, or by doing any act which would clearly apprise the opposite party of his intention to bring the previous relation to a conclusion.

3. The defendant defended upon the ground that the indebtedness which was the basis of the suit was that of another, and also pleaded the bar of the statute of limitations. The evidence as to whether the articles upon the plaintiff's account were sold to the defendant, or to her son upon his own credit, was in sharp conflict, and the testimony as to the credit advanced by the defendant to the plaintiff (upon which depended the mutuality of the dealings essential to relieve the bar of the statute) was rather weak. However, each issue presented only a question of fact; and since the evidence as to each was sufficient to authorize the finding of the jury, the discretion of the trial judge in refusing a new trial will not be controlled. *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Monroe—Judge Stone. August 8, 1913.

*W. O. Dean,* for plaintiff in error. *Walker & Roberts,* contra.